[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11937
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21790-JAL


HARVEY R. JOHNSON,

Plaintiff-Appellee,

versus

KEVIN BURDEN,
Lieutenant,
BOBBY ROY,
Lieutenant,
ROB WILSON,
Warden,
WILLIAM ORAMAS,
CAPTAIN DONALDSON,
WILLIAM GARCIA,
CHARLES HANNA,
Case Manager,
YIMA POSADA,
Unit Manager,
BEARDEN,
Case Manager,
A.W. NANETTE BARNES,
CASSANDRA ANDREWS,
ANTONINETTE NICHOLSON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2019)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Officer Jason Cooke, along with other Federal Bureau of Prisons (BOP) employees (collectively, Defendants), appeal the district court's partial denial of their motion to dismiss, or, in the alternative, motion for summary judgment. On appeal, Defendants argue that the district court erred by extending a *Bivens*[1] remedy to Johnson's First Amendment claims, and that "special factors" counsel against extending *Bivens* to encompass Johnson's suit. Defendants also contend that, even if *Bivens* did extend to Johnson's claims, they are entitled to qualified immunity. Because Johnson's First Amendment claims represent a new *Bivens* context, we remand to the district court to reconsider its ruling on Defendants' motion to dismiss or for summary judgment in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), and we decline to consider Defendants' qualified immunity argument.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## I.    Factual and Procedural Background

Plaintiff Harvey Johnson, a federal inmate, filed a 52-count pro se complaint against 82 BOP officials, seeking damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  He alleged, in relevant part, that several BOP officials retaliated against him after he filed grievances through the Bureau's Administrative Remedy Program, in violation of his First Amendment rights.  According to Johnson, Defendants' retaliatory acts included transferring him to another prison, denying him medical treatment, and cutting his work detail pay.  The district court dismissed many of Johnson's claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), but permitted the remaining retaliation claims to go forward against 15 of the named Defendants.

Defendants jointly filed a motion to dismiss Johnson's complaint, or alternatively, for summary judgment.  Defendants argued that First Amendment claims are not implied under *Bivens*, and that the Supreme Court has refused to recognize *Bivens* liability in any context other than the three it previously recognized.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).  They argued that, to create an implied damages remedy, a court must first conduct a "special factors" analysis and determine that the judiciary is well suited, absent congressional instruction, to weigh the costs and benefits of allowing a damages action.  Defendants also asserted that they were entitled to qualified immunity because

each of the BOP actions at issue were performed in accordance with BOP policy and for reasons unrelated to Johnson's filing of grievances.

Johnson filed his own motion for summary judgment, arguing that he "presented irrefutable proof of the defendants' liability, and therefore, summary judgment in his favor [was] clearly warranted."

The magistrate judge issued a Report and Recommendation (R&R), recommending that Defendants' motion be denied, except as to a claim regarding work detail against one named Defendant. The Defendants filed objections to the R&R, contending that the magistrate judge failed to address arguments regarding *Abbasi* or qualified immunity.

The district court acknowledged *Abbasi*, but concluded that the Supreme Court had recognized that *Bivens* extends to First Amendment claims in *Hartman v. Moore*, 547 U.S. 250 (2006). Regarding qualified immunity, the district court concluded that, assuming Defendants acted within the scope of their employment, they were not entitled to qualified immunity because Johnson alleged facts demonstrating that Defendants violated his constitutional rights. Accordingly, the district court granted in part and denied in part Defendants' motion to dismiss or for summary judgment.

## II.   *Bivens* Analysis

We review a district court's denial of summary judgment de novo, construing all facts and making all reasonable inferences in favor of the non-moving party. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836–37 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is not genuine unless a reasonable jury could return a verdict in favor of the non-moving party. *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013).

Defendants argue that the district court erred by extending a *Bivens* remedy to Johnson's First Amendment retaliation claims and that "special factors" counsel against extending *Bivens* to encompass Johnson's suit. In *Bivens*, the Supreme Court held that injured plaintiffs can bring an action for damages against federal officers for violations of their constitutional rights. *Behrens v. Regier*, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005). But the Supreme Court has since stated that the expansion of *Bivens* beyond the three specific contexts it has recognized is disfavored. *Abbasi,* 137 S. Ct. at 1857. *Bivens* has been applied to a Fourth Amendment case involving a search and seizure, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment. *Id.* at 1854–55. Only in these three contexts did the Supreme Court approve an implied damages remedy under the Constitution itself. *Id.* at 1855.

5

When a party seeks to assert an implied cause of action under the Constitution itself, just as when a party seeks to assert an implied cause of action under a federal statute, it is usually Congress who should decide whether to provide for a damages remedy, not the courts. *Id.* at 1857.

The Supreme Court has also noted that, generally, *Bivens* will not be extended to a new context where special factors counsel hesitation in the absence of affirmative action by Congress. *Abbasi*, 137 S. Ct. at 1857. The Court has not defined the "special factors," but has stated that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58. The availability of alternative means of relief may alone limit the power of courts to "infer a new *Bivens* cause of action." *Id.* at 1858. For example, both injunctions and habeas petitions are alternative judicial forms of relief that probably preclude a *Bivens* remedy. *Id.* at 1862–63.

The district court erred in concluding that *Bivens* extends to First Amendment retaliation claims. The district court concluded that in *Hartman v. Moore*, 547 U.S. 250 (2006), the Supreme Court explicitly recognized a First Amendment retaliation claim under *Bivens*. But the district court discounted the fact that *Abbasi*[2] did not identify a First Amendment retaliation claim as one of the

---

[2] *Abbasi* was decided sixteen years after *Hartman*.

6

three recognized *Bivens* contexts, reasoning that "the Court must assume the Supreme Court knew what it was saying and meant what it said in *Hartman* when it recognized a First Amendment retaliation claim under *Bivens*."

In *Hartman*, the Supreme Court held that a plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause. 547 U.S. at 252. The Supreme Court stated that, "[w]hen the vengeful officer is federal, he is subject to an action for damages on the authority of *Bivens*." *Id.* at 256. But the Court appeared to assume the availability of a *Bivens* remedy for purposes of reaching its holding—that a complaint claiming retaliatory prosecution must allege and prove a lack of probable cause. *Id.* at 252. In doing so, the Court qualified its holding, stating that "we are addressing a requirement of causation, which [the plaintiff] must plead and prove in order to win, *and our holding does not go beyond a definition of an element of the tort*, directly implicated by the defense of qualified immunity and properly before us on interlocutory appeal." *Id.* at 257 n.5 (emphasis added).

Following *Hartman*, the Supreme Court has repeatedly confirmed that it has not extended a *Bivens* remedy to First Amendment claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that it has previously "declined to extend *Bivens* to a claim sounding in the First Amendment"); *see also Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First

Amendment claims."). And in *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014), the Supreme Court confirmed that it has "several times assumed without deciding that *Bivens* extends to First Amendment claims." The Court did so again in *Wood* because that "antecedent issue" was not preserved. *Id.* Moreover, the Court in *Abbasi* did not mention *Hartman* as one of the cases establishing appropriate contexts in which to apply *Bivens*, indicating that the *Hartman* language was mere dicta. *See Abbasi*, 137 S. Ct. at 1854–55.

The Supreme Court's post-*Hartman* cases indicate that First Amendment claims, like Johnson's here, represent a new *Bivens* context. The district court was therefore required to apply a "special factors" analysis consistent with *Abbasi* to determine whether expanding *Bivens* would be appropriate in Johnson's case. Accordingly, we remand to the district court to reconsider its ruling on the Defendants' motion to dismiss or for summary judgment in light of *Abbasi*, and we decline to consider Defendants' qualified immunity argument.

**REMANDED.**